**AFFIDAVIT IN SUPPORT OF
A CRIMINAL COMPLAINT AND ARREST WARRANT**


I, Geoffrey J. Kelly, being duly sworn, state that the
following is true to the best of my knowledge, information, and
belief:

## Introduction and Agent Background

1.   I am a Special Agent with the Federal Bureau of
Investigation ("FBI") and have been so employed for more than
twenty-five years. Prior to my employment with the FBI, I served
for three years as a police officer with the Metropolitan
Transportation Authority Police Department in New York City.
Since February 1996, I have been assigned to the Boston Division
of the FBI. I am currently assigned to the Lakeville Resident
Agency in Lakeville, Massachusetts, where my primary duty is the
investigation of violent criminal offenses, to include firearms
offenses. Prior to my current assignment, I worked for
approximately eight years on the Boston FBI's Bank
Robbery/Violent Crimes Task Force. Throughout my career, I have
participated in hundreds of violent crime investigations and
during these investigations, I have executed search and arrest
warrants, utilized informants, interviewed witnesses, and
conducted surveillances.

2.   Based on my training and experience, I am aware that Title

18 of the United States Code, § 922(g)(1), makes it a crime for anyone who has knowingly previously been convicted of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition in or affecting interstate or foreign commerce.

3.   I make this affidavit in support of a criminal complaint charging Roland Morgan ("Morgan"), date of birth: XX/XX/1983, with a violation of 18 U.S.C. § 922(g)(1), felon in possession of ammunition, to wit: 43 rounds of .38 caliber ammunition, on or about October 28, 2020.

4.   The facts stated herein are based on my own personal involvement with this investigation, as well as from information provided to me by other law enforcement officers involved in the investigation. In submitting this affidavit, I have not included each and every fact known to me about this investigation; I am only submitting enough evidence necessary to establish the requisite probable cause.

### October 28, 2020 Arrest

5.  On October 28, 2020 at approximately 1:06 am, a uniformed Seekonk Police Officer ("the officer") while on routine patrol in Seekonk, Massachusetts, observed a silver/gray sedan exiting I-95 and proceed south on Fall River Avenue. As the vehicle passed the officer's position, he, the officer, noted that the vehicle's rear number plate was not luminated, a violation of

Massachusetts law. The officer then observed the vehicle make a westbound turn onto Highland Avenue and then make a u-turn back onto Fall River Avenue heading east.  The vehicle continued a short distance and then made another u-turn at the intersection of Fall River Avenue and Mink Street.  At this time the officer activated his blue lights and conducted a motor vehicle stop.

6. The officer exited his cruiser and approached the vehicle he noted that the vehicle was a silver/gray Mercedes Benz sedan bearing Pennsylvania Registration plate XXX7187.[1] The officer then asked the operator, later identified as Morgan, for his driver's license and for the vehicle's registration.

7. Morgan produced a Pennsylvania Identification card and stated to the officer stated that he did not have a valid driver's license. The officer then returned to his vehicle and queried Morgan's information on his Mobile Data Terminal ("MDT") and determined that Morgan had two active arrest warrants issued out of the Attleboro District Court in Attleboro, Massachusetts.

8. Morgan was removed from the vehicle and pat-frisked which revealed a small baggie of what appeared to be a controlled substance. Morgan was arrested on the outstanding warrants, handcuffed, placed in the rear of the officer's cruiser, and transported to the Seekonk Police Station.

---

1 The Pennsylvania Registration plate number is known to law enforcement.

9. Prior to the vehicle being towed to the Seekonk Police Station and pursuant to the Seekonk Police Department's Tow Policy, the vehicle was inventoried.

10.  During the course of the inventory a Seekonk Police Officer recovered, among other items:

- 1 Smith and Wesson .38 caliber revolver bearing serial numbers CPX9775BG38;
- 5 rounds of .38 caliber ammunition (loaded in the revolver);
- 38 rounds of .38 caliber ammunition;
- A black holster;
- A tan plate carrier body armor vest;
- An orange and black hunting bow;
- 10 metal tipped arrows; and
- A black "Crossman" pellet gun.

11.  The vehicle was then towed to the Seekonk Police Station and secured.

12.  Morgan was processed and advised of his *Miranda* rights. Morgan was asked about the firearm and Morgan stated words to the effect, that an individual had purchased the firearm and plate carrier vest for him and given it to him because he, Morgan, "needed protection." Morgan went on further to state that he was in the process of obtaining a gun legally but was unable to complete the process.

13.  I have consulted with an ATF Special Agent Robert Jacobson who confirmed that no commercial ammunition is manufactured in the Commonwealth of Massachusetts.  Therefore, I believe the

43 rounds of .38 caliber ammunition recovered on October 28, 2020, travelled in foreign or interstate commerce.

14.  A review of Morgan's criminal history reveals that Morgan, has several felony convictions, to wit: a 2009 Rhode Island conviction for robbery in the 2nd degree for which he received a sentence of one-year; a 2011 conviction in Connecticut for violating a restraining order for which he received a sentence of one-year; and a 2017 conviction in Rhode Island for carrying a firearm in which he received a sentence of 2 ½ years in prison.  Therefore, prior to possessing the 43 rounds .38 caliber ammunition, Morgan knew he had been previously convicted of a crime(s) punishable by more than one year in prison.

15.  Based on my training and experience I know that the convictions outlined in the proceeding paragraph and felonies and meet the definition of a "crime punishable by imprisonment exceeding one year" as set forth in 18 U.S.C. § 921(a)(20). Therefore, prior to possessing the 43 rounds of .38 caliber ammunition, Morgan knew he had been previously been convicted of a crime(s) punishable by more than one year in prison.


## CONCLUSION

16.  Based on the foregoing, I submit there is probable cause to

believe that on October 28, 2020, Roland Morgan, a convicted felon, did possess ammunition in violation of 18 U.S.C. § 922(g)(1).

                              Respectfully submitted,

                              /S/ Geoffrey J. Kelly
                              Signed electronically
                              Geoffrey J. Kelly, Special Agent
                              Federal Bureau of Investigation


Subscribed and sworn to before me this ____ day of March 2021.

DONALD L. CABELL
United States Magistrate Judge